JOSIAH TICE v. THE MAYOR, &c., OF NEW BRUNSWICK.

Submitted December 9, 1899—Decided February 26, 1900.

1. The act of 1884 (*Pamph. L.*, p. 161), authorizing the city to agree with any city officer for a salary less than that fixed by law, is constitutional.

2. The plaintiff having been elected as city surveyor, and having made an agreement under said act to serve as such city surveyor without compensation, and having been re-elected from time to time for six years, it would be a fraud upon the city to permit him to recover the salary which is provided by law in the absence of any agreement, and this court will not lend its aid to a consummation of the fraud.

On demurrer to plea.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *Freeman Woodbridge.*

For the defendants, *Frederick Weigel* and *Alan H. Strong.*

, The opinion of the court was delivered by

VAN SYCKEL, J.   The declaration avers that by an act of the legislature, passed in 1871, it was provided that the city surveyor of said city of New Brunswick should have an annual salary of $300; that in the year 1885 the plaintiff was duly elected city surveyor, and that he held said office and performed its duties until the 4th day of May, 1891, whereby the defendant became and was liable to pay him his salary for six years and three months, at the rate of $300 per year.

There is a bill of particulars annexed to the declaration, but it is not referred to in the body of the declaration and is made no part thereof.

. To this special count (which is the first) the defendant pleaded that on, &c., at, &c., " and prior to the appointments by said defendant of the said plaintiff to the said office of city surveyor, and prior to the said plaintiff's entering upon the duties thereof, the said defendant did make and enter into a contract with the said plaintiff whereby it was agreed by the said plaintiff with the said defendant in consideration that the said defendant would appoint him, the said plaintiff, to be such city surveyor as in the declaration mentioned; that he, the said plaintiff, would perform all the duties of said office without any salary, pay or compensation during so long a time as the said plaintiff might be kept and continued in said office. And that afterward, to wit, on the day and year aforesaid, at New Brunswick aforesaid, the said defendant relying upon the said contract so made with the said plaintiff, did appoint the said plaintiff to be such city surveyor, and from time to time thereafter until the fourth day of May, A. D. eighteen

hundred and ninety-one, kept and continued the said plaintiff as such city surveyor at all times, upon and subject to the said agreement and contract, and without pay, compensation or salary and not otherwise."

This is the plea demurred to.

By the act entitled "An act concerning the salaries of officers in cities and townships of this state," approved April 14th, 1884 (*Gen. Stat., p.* 2123, § 8), it is provided that it shall be lawful for the proper authorities in any city or township of this state to enter into and make a contract with any officer of such city or township, to perform the duties of his office at a salary less than that fixed by any law affecting such city or township, and that when such contract shall be entered into as aforesaid, such officer shall not be entitled to receive or recover from such city or township any further compensation than shall have been agreed upon, but such agreement shall be binding upon the parties thereto.

· This act was enforced in this court, in *Edmondson* v. *Jersey City,* 19 *Vroom* 121, and must therefore be now regarded as a valid law.

While it might be considered that a contract could be made under this statute for a salary merely nominal, and that it is therefore within the spirit of the act to permit a contract for no compensation, and that the mere election of the plaintiff, who was a civil engineer, and his occupancy of the office was such a benefit to him that it constituted a sufficient consideration for his contract, yet it is not necessary to put the decision of this case upon that ground.

The plaintiff was elected to and accepted the office upon his express agreement to serve without compensation. He was re-elected from time to time, and continued to serve for over six years under that promise and agreement, and it would therefore be a gross fraud upon the public authorities and the people of the city to permit him to recover the full salary for which he has instituted his suit. If he had indicated his intention to withdraw from his contract, the city could have taken advantage of the act of 1884 to secure the

services of a city surveyor at a salary less than that which the incumbent would receive in the absence of any agreement for a less-sum. The city has been deprived of this advantage by the bad faith of the plaintiff, and the court cannot lend its aid to a consummation of this fraud to the public detriment.

The demurrer will be overruled, with costs.