JOSIAH TICE, PLAINTIFF IN ERROR, v. THE MAYOR AND
COMMON COUNCIL OF THE CITY OF NEW BRUNS-
WICK, DEFENDANT IN ERROR.

Argued December 1, 1905—Decided June 18, 1906.

"An act concerning the salaries of officers in cities and townships
of this state" (*Pamph. L.* 1884, *p.* 161; *Gen. Stat., p.* 2123, *pl.*
8) authorizes an agreement requiring the officer to perform his
duties for a compensation commensurate with and limited to
the value of the services that may be rendered, and without any
stipulated salary.

On error to the Supreme Court.

For the plaintiff in error, *Freeman Woodbridge.*

For the defendant in error, *Theodore B. Booraem.*

The opinion of the court was delivered by

PITNEY, J. The plaintiff in error, who was plaintiff be-
low, was appointed by the common council of the city of
New Brunswick to the office of city surveyor, on February
2d, 1885, and held that office until May 4th, 1891. By a
supplement to the charter of the city (*Pamph. L.* 1871, *p.*
307, § 8), it was enacted that the city surveyor should be
entitled to receive an annual salary at the rate of $300 per
year. By "An act concerning the salaries of officers in cities
and townships," approved April 14th, 1884 (*Pamph. L., p.*
161; *Gen. Stat., p.* 2123, *pl.* 8), the proper authorities in
any city are authorized to enter into a contract with any
officer of the city to perform the duties of his office at a
salary less than that fixed by law, and it is enacted that when
such an agreement shall have been made such officer shall not
be entitled to recover from the city any further compensation
than shall have been so agreed upon. Plaintiff brought this
action to recover the salary of $300 per annum for six years,

commencing May 1st, 1885, and ending May 1st, 1891. The city defended on the ground that at and before the plaintiff's appointment it was agreed between him and the proper authorities of the city that he should accept the office without salary, and that his appointment was made upon this condition. Upon a trial before a justice of the Supreme Court and a jury there was a verdict in favor of the defendant. The consequent judgment is brought before us for review.

There was, we think, abundant evidence to justify the jury in finding that the plaintiff entered into an agreement with the city at the time of his appointment to the effect that he would accept the office without salary. Just prior to his appointment he approached members of the common council and solicited the appointment on the no-salary basis; one of these members was asked by the plaintiff to appeal to other members of the council to favor his appointment on that basis, and this member was instrumental in securing the support of some of his colleagues. And the city treasurer, at the plaintiff's instance, interviewed several members of council in his behalf, conveying to them the assurance that he would accept the office without salary. The resolution of council that provided for his appointment was silent on the question of salary, but a few days afterwards he appeared before the city clerk and subscribed a written oath to the effect that he would perform the duties of the office of city surveyor "without pay." Plaintiff testified that the words "without pay" were not in the oath at the time he subscribed it, but there was clear evidence to the contrary, and the jury was justified in finding, and presumably did find, that the form of oath subscribed by him was additional evidence of his agreement to serve without salary. In addition to this there was evidence of sundry admissions made by the plaintiff after his appointment to the same effect, and testimony from which the jury might reasonably find that during the whole period from 1885 to 1891 no formal claim of salary was made by him. There were also numerous vouchers and receipts signed by the plaintiff for moneys received by him

from the city for professional services as an engineer and surveyor, from February 22d, 1885, to January 28th, 1891, showing that for such services he was compensated from time to time, presumably on the basis of. the value of the services rendered. The vouchers show no payment for salary.

It is urged that the contract relied upon by the defendant and established by the jury's verdict was void for want of consideration. We do not so regard it. Some of the verbal declarations of the plaintiff, literally construed, were to the effect that he would serve the city entirely without compensation, and the written oath of office is to the same effect. But we think the jury was justified in construing these declarations in the light of a city ordinance which was introduced in evidence by the plaintiff, and which was in force during the time he held the office; the ordinance being to the effect that the city surveyor should be entitled to receive such compensation for his services as should be allowed by the common council, on his account being presented to them for settlement. Reasonably construed, the plaintiff's agreement was not that he should serve without compensation, but that he should be compensated according to the value of the services to be performed, rather than according to an arbitrary measure fixed in advance in the form of a salary. As additional consideration, the plaintiff obtained the privilege of using certain surveying instruments belonging to the city.

It is argued that if the language of the act of 1884 (*Pamph. L., p.* 161; *Gen. Stat., p.* 2123) is broad enough to cover such a contract as is relied upon by the defendant, the act is unconstitutional because its object is not expressed in its title. The title is "An act concerning the salaries of officers in cities and townships of this state." It is argued that the agreement set up by the defendant related not to the salary, but to the appointment. This contention seems to us to be without force.

It is also contended that the act does not contemplate an agreement to serve without salary, but only to serve at a salary less than that fixed by law. Without going so far as

to say that the act authorizes an agreement that would require the officer to perform the duties of his office without any compensation, we hold that it does authorize an agreement that he shall perform such duties at a compensation commensurate with and limited to the value of the services that may be rendered. Such appears to have been the purport of the agreement here in question as established by the jury's verdict.

Were we to assume that the contract made between the plaintiff and the city was not within the authorization of the act of 1884, or that that act is unconstitutional, the question would remain whether the plaintiff, having been appointed and having accepted the office upon his express agreement to serve without salary, and having received from time to time compensation allowed by the common council according to the value of the services actually rendered by him, could afterwards be permitted to recover the salary provided by the charter. In an earlier stage of this case the Supreme Court held (*Tice v. New Brunswick, 35 Vroom* 399) that such recovery would not be permitted on the ground that it would be a fraud upon the city. This question we are not required to pass upon.

None of the other matters discussed in argument requires any special comment.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL. 14.

*For reversal*—None.